**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ALVIN G. BROOKS, JR., | ) | Case No. 10-55432 |
| | ) | |
| Debtor | ) | Judge Sonderby |
| | ) | |

**RESPONSE TO OBJECTION TO PROOF OF CLAIM**

Now comes Creditor, LAVOREN BLAKELY ("Blakely"), and in response to Debtor, ALVIN G. BROOKS, JR. ("Debtor") "Objection to Proof of Claim of The Lavoren Blakely" states as follows:

**General Background**

1.      On March 10, 2006, Plaintiff Park Federal Savings Bank filed its 11 Count First Amended Complaint including counts of Common Law Fraud, Conspiracy, and Constructive Trust against Blakely.

2.      Plaintiff's First Amended Complaint requests judgment against Blakely and seeks to impose a constructive trusts on his real property. A copy of Park Federal's Amended Complaint labeled Exhibit "A" is attached hereto and made a part hereof. See Park Federal's First Amended Complaint, Count I, Count X, and XI.

3.      Blakely is a named defendant in the *Park Federal* case and if found liable, appears to be subject to damages in excess of $1,800,000.00 (the Park Federal loan amounts). See Exhibit "A".

4.      On June 12, 2009, Blakely filed his "Complaint at Law" against Debtor in the Circuit Court of Cook County Illinois under case captioned *Blakely v. Brooks, Jr.,* 09 L 006898.

5.      On July 8, 2010, Brooks' Motion to Dismiss was "denied with respect to Count I" (the negligence count) and granted in part on Count II (the fraud count). A copy of the July 8, 2010 order labeled Exhibit "B" is attached hereto and made a part hereof.

6.      On November 20, 2009, *Blakely v. Brooks, Jr.*, 09 L 006898 was consolidated with *Park Federal Savings Bank v. Bell Title Corporation, et al.* 05 CH 18964. A copy of the November 20, 2009 Order labeled Exhibit "C" is attached hereto and made a part hereof.

7.      On December 17, 2009, with leave of court, Blakely filed his Amended Complaint against Debtor, Alvin Books.  A copy of Blakely's "Amended Complaint" labeled Exhibit "D" is attached hereto and made a part hereof.

8.      On December 15, 2010, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. See Debtor's "Voluntary Petition"

9.      Schedule F of Debtor's petition names Blakely as a Creditor holding an unsecured claim. See Schedule F of Debtor's "Voluntary Petition."

10.      On April 15, 2011, Blakely filed his unsecured claim in the instant case based upon the allegations in his complaint in the case captioned *Park Federal v. Bell Title, et al and Blakely v. Brooks,* 05 CH 18964 and 09 L 006898. See April 15, 2011 claim of Blakely.

11.      On or about August 24, 2011, Debtor filed his objection to Blakely's claim. See Debtor's "Objection to Claim #7".

12.      On September 8, 2011, the Circuit Court of Cook County judge entered an Order which acknowledges that cases 05 CH 18964 and 09 L 006898 are subject to the automatic stay. A copy of the September 8, 2011 circuit court order labeled Exhibit "E" is attached hereto and made a part hereof.

13.      Discovery is complete and all dispositive motions have previously been resolved in the Circuit Court of Cook County; <u>the chancery judge is prepared to set cases 05 CH 18964 and 09 L 006898 for trial as soon as the automatic stay is terminated.</u>

## Jurisdiction

This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue of this case in this district and division is proper pursuant to 28 U.S.C. § 1408. The statutory provisions implicated (but unstated) in Debtor's request for relief are Bankruptcy Code §§ 501, 502, 506, 521, 523(a)(3)(A), and 1111. The applicable procedural rule to this request is Bankruptcy Rule 3007.

2

## Relief Requested

The Debtor states Debtor's Objection to Claim is "brought pursuant to Bankruptcy Rule 3001 (c) and (d) and 3007" and requests "that the claim of LAVOREN BLAKELY be disallowed." See "Objection to Claim". Blakely requests that Debtor's Objection be denied and that this Court grant Blakely attorneys fees for his response to Debtor's "Objection to Claim", see prayer *infra*.

## Argument

After consideration of the general tenets of bankruptcy law, the specific sections of the Code applicable to the instant case, and the respective application of both to the facts in this case, this Court should deny Debtor's objection on the merits.

Generally, "[a] claim is broadly defined under the Bankruptcy Code. It includes a right to payment or equitable remedy "whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5) (emphasis added). The Code utilizes this "broadest [**29] possible definition" of claim to ensure that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." *Eg*., *In the Matter of: SNTL CORPORATION, et.al.* 571 F.3d 826; 2009 U.S. App. LEXIS 13456; Bankr. L. Rep. (CCH) P81,516, *citing* Cal. Dep't of Health Servs. v. Jensen (In re Jensen), 995 F.2d 925, 929-30 (9th Cir. 1993) (emphasis in original) (citations omitted). Accordingly, Blakely's claim should be considered a valid claim and this Court should consider this liberal interpretation in its analysis and ruling on the instant motion.

Further generally, as the Ninth Circuit Appellate Court has noted "[a]nother subsection of section 502 demonstrates that Congress did not intend for claims to be disallowed simply because of their contingent nature. Section 502(c)(1) establishes a procedure for the estimation of such claims by the bankruptcy court.

Even though such claims could not be enforced on the petition date outside the bankruptcy court, the Bankruptcy Code clearly contemplates that the bankruptcy estate will deal with contingent and unliquidated claims ….." *Eg*., *In the Matter of: SNTL CORPORATION, et.al*. 571 F.3d 826; 2009 U.S. App. LEXIS 13456; Bankr. L. Rep. (CCH) P81, 516, *citing*, In re Teigen, 228 B.R. 720, 722-23 (Bankr. D. S.D. 1998) (estimating claims of holders of guaranties executed by chapter 7 debtors). *See also*, Zilog, Inc. v. Corning (In re Zilog, Inc.), 450 F.3d 996, 1000 (9th Cir. 2006). "It is well-established that a claim is ripe as an allowable claim in a bankruptcy proceeding even if it is a cause of action that has not yet accrued." Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.), 210 F.3d 999, 1007 (9th Cir. 2000).

The Ninth Circuit has adopted the "fair contemplation" test for determining when a claim accrues for the  [\*\*32] purposes of section 502(b). Zilog, 450 F.3d at 1000; Cool Fuel, 210 F.3d at 1007; Jensen, 995 F.2d at 930. Under that test, a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law. Cool Fuel, 210 F.3d at 1007.  *See also*, *In Re: Conseco, Inc., et al., Debtors. Conseco, Inc., Plaintiff, v. William Schwartz and Rebeca R. Frankel, Trustee of the Robert M. Frankel Irrevocable Insurance Trust, Defendants* 330 B.R. 673; 2005 Bankr. LEXIS 1745; 55 Collier Bankr. Cas. 2d (MB) 602; 45 Bankr. Ct. Dec. 107 and *In re: Roadrunner Delivery, Inc., Debtor*, United States Bankruptcy Court for the Central District of Illinois 2007 Bankr. LEXIS 4236 (both discussing the various tests for contingent claims).

Further, and most persuasively, it appears that most (if not all) bankruptcy judges in the Seventh Circuit have adopted the "conduct" standard for determining when a claim arises. See, *In re: Papi*, 457 BR 457, 465 (Bankruptcy. N.D.Ill. 2010). The discussion and analysis in *Papi* is particularly apt to the instant case. In *Papi*, Judge Black states the definition of the conduct theory "under which the date of Claim of a claim-and the corresponding debt owed to the creditor-is determined by the date of the conduct giving rise to the claim" *citing* Watson v. Parker (In re: Parker), 313 F.3rd 1267 (10th Cir.) 2001; *Grady v. A.I.I. Robins Co*., 839 F2d 198, 203 (4th Cir. 1988); *Covey v. Hacknett  (In re Roadrunner Delivery, Inc.)*, Nos. 07-80773, 07-8113,2007 WL 4553068, at \*2 (Bankr. C.D. Ill. Dec. 19, 2007);  In conclusion, regardless of the test that is applied to Blakely's contingent claim, it is clear Blakely's claim accrued before the filing of Debtor's Voluntary Petition on December 15, 2010.

4

Finally with respect to general principals, Bankruptcy courts generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed under §502. Contingent claims are allowed under §502(b). Again the Ninth Circuit states the rule succinctly "[a]s we stated in a recent decision, we "must find a basis in section 502 to disallow a claim, and absent such basis, we must allow it." *Wells Fargo Fin. Acceptance v. Rodriguez (In re Rodriguez)*, 375 B.R. 535, 545 (9th Cir. BAP 2007), citing *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 1206, 167 L. Ed. 2d 178 (2007) ("we generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed" under section 502). Contingent claims are allowed under section 502(b). *Eg*., *In the Matter of: SNTL CORPORATION, et.al*. 571 F.3d 826; 2009 U.S. App. LEXIS 13456; Bankr. L. Rep. (CCH) P81, 516.  Further Judge Black recently ruled from the bench in a very similar case "failure to comply with Bankruptcy Rule 3001does not provide debtor with a reason to object to a claim. Code Section 502(b) is the only source of substantive objections to claims. A copy of the Official Court Reporter's Transcript of Judge Bruce W. Black's August 26, 2011 ruling in *In re: Horvath* 09 B 27013 labeled Exhibit "F" is attached hereto and made a part hereof (emphasis added).

Moving to the application of bankruptcy law to the specific facts of the instant case and in response to Debtor's assertion in his Objection, Debtor's Objection correctly asserts "Count II was dismissed against Debtor[]" but thereafter incorrectly references the order as "(Order Dismissing Alvin Brooks)". See Debtor's "Objection to Claim of the [*sic*] Lavoren Blakely", para. 5. See also, Exhibit "B" (July 8, 2010 order). The July 8, 2010 does not "dismiss Alvin Brooks". Rather it clearly states "Alvin G. Brooks Motion to Dismiss is denied with respect to Count I, Count I shall stand…" See Exhibit B. Further, and regardless of the July 8, 2010 court order, on December 17, 2009, Lavoren Blakely filed his "Amended Complaint" pursuant to leave of court. See Exhibit "C". Lavoren Blakely's "Amended Complaint" filed on December 17, 2010 forms the basis of his claim in this matter filed on April 15, 2011. Therefore, this argument should be rejected.

Debtor asserts "[t]he Debtor's liability is contingent upon the Creditor being found liable in the underlying lawsuit", "[t]he Circuit Court of Cook County, Illinois has not made a ruling of liability on the part of the Creditor", and "[t]he creditor's whole theory of liability is contingent on the Crediotr [*sic*] being found liable in Park Federal Bank v. Bell Titile, et al., [*sic*]", "[t]he

5

Creditor has grabbed a number out of a hat and assigned a dollar amount to contingent liability that is contingent upon Creditor being found liable in lawsuit for which Debtor is not a party to said lawsuit", "[a]s of today's date the Creditor has not been deemed liable for any acts of the Debtor[,] [i]n fact, the Creditor may not be deemed liable in the underlying lawsuit[,] [t]he debtor is not indebted to the Creditor," and "Debtor disputes the claim of the Creditor in that it only schedule the Creditor, because the Creditor filed suit against him." See Objection to the Claim of the *[sic]* Lavoren Blakely" para. 6,7,8, 9, 10, and 11. It is unclear if Debtor makes these statements to suggest Blakely's claim is improper but to the extent this court considers these statements argument, this court should reject Debtor's argument for the previously stated reasons (see pages 3-5 *supra*).

Finally, Debtor asserts "there is no written documentation to support the Creditor's claim." See, "Objection to Claim" para. 12. Although the Proof of Claim Form recites several types of documents that should be attached to a proof of claim, it would be impractical (and likely more confusing than helpful) to require contingent claimants to attach copies of all the documents they intend to submit as evidence at trial of the matter on the unliquidated contingent claims to the respective proof of claims. Indeed, in the case captioned *Park Federal v. Bell Title, et al and Blakely v. Brooks,* 05 CH 18964 and 09 L 006898 Blakely will likely tender hundreds of documents to support his claims; attaching such documents out of context to a bankruptcy proof of claim would not be useful.

**WHEREFORE,** Creditor, Lavoren Blakely, requests that this Court

i)      deny Debtor Alvin G. Brooks, Jr. "Objection to Claim", and

ii)     order Debtor, Alvin G. Brooks, Jr., to pay Creditor, Lavoren Blakely's reasonable attorneys fees in the amount of $1,250.00 for response to Debtor Alvin G. Brook's "Objection to Claim", or

iii)    alternatively, grant Creditor, Lavoren Blakely leave to amend his claim to attach the Amended Complaint filed in the cases captioned
*Park Federal v. Bell Title, et. al and Blakely v. Brooks,* 05 CH 18964 and 09 L 006898, and

iv)     grant such further relief this Court deems necessary and appropriate.

                        Respectfully submitted,
                        LAVOREN BLAKELY

        By:     /s/ Wade B. Arends
                One of his attorneys

Atty. # 6206368
Wade Brien Arends
10129 S. Western Ave.
Chicago, IL 60643
(773) 298-1500
ac.3315